**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| LIVINGSTON ASSET MANAGEMENT, LLC<br>400 E. Pratt Street, 8th Floor<br>Baltimore, MD 21202<br><br>    Plaintiff<br><br>v.<br><br>ENZOLYTICS INC.<br>120 W Pomona Ave.<br>Monrovia, CA 91016<br><br>Serve On Resident Agent:<br>VCORP SERVICES, LLC<br>1031 Centre Road, Suite 403-B<br>Wilmington, DE 19805<br><br>    Defendant | Case No.: |

## COMPLAINT

Plaintiff, Livingston Asset Management, LLC., ("LIVINGSTON"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against Enzolytics Inc. ("ENZC"), and alleges:

1.  This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2.  This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.  Venue is proper in the Northern District.

4. Defendant, ENZC is a publicly traded entity, domiciled in Delaware and headquartered in California, and conducting business in Maryland, which has the ability to issue securities under Section 3(a)(10).

5. In April of 2018, Plaintiff entered into a Claims Purchase Agreement with Proactive Capital Resources Group, LLC, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $26,000.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit A. Among other things, Exhibit A sets Maryland as the Venue for any action related thereto.

6. In May of 2018, Plaintiff entered into a Claims Purchase Agreement with Camelot Nevada Trust, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $525,000.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit B. Among other things, Exhibit B sets Maryland as the Venue for any action related thereto.

7. On June 25, 2018, the parties entered into a Settlement Agreement and Stipulation pursuant to Section 3(a)10 (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit C, in which ENZC affirmed its indebtedness to the Assignors from whom LIVINGSTON acquired the Debts, and recognized the aforementioned

Claims, thus acknowledging its indebtedness to LIVINGSTON. Among other things, Exhibit C sets Maryland as the Venue for any action related thereto.

8.     On May 23, 2018 Defendant engaged Alpine Securities Corporation, ("ALPINE") a registered broker-dealer, to serve as Placement Agent with regard to the due diligence of and the purchase of Claims by third-parties like LIVINGSTON.  For such Placement Agent services, ALPINE is due a placement agent fee of 10% of the total Claim Amount detailed in paragraph 3C of the aforementioned Settlement Agreement.  The Placement Agent Agreement between ALPINE and Defendant is attached hereto as Exhibit D.

9.     LIVINGSTON's brokerage will not allow LIVINGSTON to deposit ENZC stock into its brokerage account in settlement of the Debts without a "federal court order" recognizing an exemption from registration under the Securities Act of 1933, despite the best efforts of ENZC to assist LIVINGSTON with the removal of restricted legends and/or the deposit of such common stock with LIVINGSTON's brokerage, such that it is impossible for LIVINGSTON to recoup its losses without relief under Section 3(a)(10).

10.    As a direct and proximate result of the failure of ENZC to pay the Debts which are the subject of this Complaint, LIVINGSTON has been damaged.

11.    ENZC's public securities filings detail its inability to repay LIVINGSTON using cash, and LIVINGSTON seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby ENZC would issue shares of its publicly traded common stock as payment for the debts owed to LIVINGSTON.

12.    Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

                                            Respectfully submitted,

                                            _____/s/_____
                                            */s/ Matheau J. W. Stout*
                                            Matheau J. W. Stout (28054)
                                            400 E. Pratt Street, 8th Floor
                                            Baltimore, Maryland 21202
                                            (410) 429-7076 Tel
                                            (888) 907-1740 Fax

                                            *Attorney for Plaintiff*